IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  5:11cr43/RH/EMT
            5:16cv143/RH/EMT

RAMONE ANTHONY SPRUILL

---

### **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's submission titled "Motion, Sentence Reduction, and Vacatur, Pursuant to, 28 U.S.C. § 2255(f)(3), Johnson Claim" (ECF No. 200).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[1]

### **BACKGROUND and ANALYSIS**

Defendant was sentenced to a total term of 180-months imprisonment after his guilty plea and conviction of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and possession of a firearm in furtherance

---

[1] Defendant's motion is not on the appropriate court form as required by Northern District of Florida Local Rule 5.7(A).  If summary dismissal were not warranted in this case, the court would require Defendant to file an amended motion on the court form before his case could proceed.

of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (ECF No. 106). He did not appeal, but counsel's failure to file an appeal was the subject of Defendant's initial § 2255 motion, filed in 2013 (ECF No. 128). The court denied this motion after an evidentiary hearing, and a certificate of appealability was also denied (ECF No. 159, 162). Defendant has now filed another motion to vacate in which he seeks relief pursuant to the recent decision of the Supreme Court in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). Spruill does not explain how he believes Johnson applies to the facts of his case, and it does not appear that it does, but in any event, this court does not have jurisdiction to entertain Defendant's motion.

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed without prejudice.

Case Nos.: 5:11cr43/RH/EMT; 5:16cv143/RH/EMT

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

Case Nos.: 5:11cr43/RH/EMT; 5:16cv143/RH/EMT

1.	The "Motion, Sentence Reduction, and Vacatur, Pursuant to 28 U.S.C. § 2255(f)(3), <u>Johnson</u> Claim" (ECF No. 200) be summarily **DENIED and DISMISSED**.

2.	A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2nd day of June 2016.


ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:11cr43/RH/EMT; 5:16cv143/RH/EMT