IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASES NO. 5:11cr43-RH/EMT
         5:16cv143-RH/EMT

RAMONE ANTHONY SPRUILL,

    Defendant.

_____/

## ORDER DENYING THE SECOND § 2255 MOTION

The defendant Ramone Anthony Spruill pleaded guilty to two offenses: conspiring to distribute or possess with intent to distribute cocaine (count 1) and possessing a firearm in furtherance of the cocaine offense (count 2). The judge who was presiding over the case at that time imposed the minimum mandatory sentence on each count: 120 months on count 1 and 60 months consecutive on count 2.

Mr. Spruill filed and lost a motion for relief under 28 U.S.C. § 2255. He now has filed a second § 2255 motion. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 201, Mr. Spruill's

amended § 2255 motion, ECF No. 207, and the magistrate judge's order denying leave to amend, ECF No. 209. I have reviewed the issues de novo.

A district court lacks jurisdiction over a second or successive § 2255 motion unless the appropriate court of appeals has authorized its filing. Here the United States Court of Appeals for the Eleventh Circuit has denied Mr. Spruill's application for leave to file a second or successive motion. So this court lacks jurisdiction over Mr. Spruill's motion.

It bears noting, too, that Mr. Spruill's motion is plainly unfounded. He seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held unconstitutionally vague the "residual clause" of the armed career criminal statute, 18 U.S.C. § 924(e). *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). But Mr. Spruill was not convicted under § 924(e). And while other statutes and guideline provisions have similar residual clauses, none had any effect at all on Mr. Spruill, on his guideline range, or on his sentence. The Eleventh Circuit properly denied leave to file a second or successive § 2255 motion.

A court may issue a certificate of appealability only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Spruill has not made the required showing.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 201, is accepted.

2. Mr. Spruill's motion, ECF No. 200, and proffered amended motion, ECF No. 207, for relief under 28 U.S.C. § 2255 are denied.

3. A certificate of appealability is denied.

SO ORDERED on July 7, 2016.

s/Robert L. Hinkle<br>United States District Judge