UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  5:11cr43/RH/CJK
               5:17cv149/RH/CJK

RAMONE ANTHONY SPRUILL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's letter motion seeking sentence reduction and recalculation pursuant to 28 U.S.C. § 2255 and requesting appointment of counsel. (ECF No. 232). Defendant has not filed his motion on the proper court form. This oversight, however, is trumped by Rule 4(b) of these rules which provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." The court is without jurisdiction to entertain Defendant's motion, and it should be summarily dismissed.

## BACKGROUND AND ANALYSIS

Defendant Ramone Anthony Spruill entered a guilty plea to conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 78). In April 2012, the court sentenced Defendant to a term of 180 months' imprisonment followed by five years of supervised release. (ECF No. 106). Defendant did not file an appeal. Defendant has previously filed at least two motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which were denied in 2014 and 2016. (*See* ECF Nos. 131, 159, 163, 200, 201, 211). In October 2016, Defendant filed a motion for reduction of sentence under United States Sentencing Guidelines Amendment 794, which the court denied. (ECF No. 221, 222).

In the instant motion, Defendant seeks sentencing relief under *Dean v. United States*, 137 S. Ct. 1170 (2017) (holding that nothing in the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime restricts the authority of sentencing courts to consider a sentence imposed under the mandatory minimum statute when calculating a just sentence for the predicate count). (ECF No. 232). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in

Case Nos.: 5:11cr43/RH/CJK; 5:17cv149/RH/CJK

the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *See Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); s*ee Slack v. McDaniel*, 529 U.S. 473, 483−84

Case Nos.: 5:11cr43/RH/CJK; 5:17cv149/RH/CJK

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant's motion seeking sentence reduction and recalculation pursuant to 28 U.S.C. § 2255 (ECF No. 232) be **SUMMARILY DISMISSED**.

2. Defendant's request for appointment of counsel (ECF No. 232) be **DENIED as moot**.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 14th day of June, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 5:11cr43/RH/CJK; 5:17cv149/RH/CJK

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.:  5:11cr43/RH/CJK; 5:17cv149/RH/CJK