**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


UNITED STATES OF AMERICA

v.                                                          CASE NO.  5:11cr43-RH/CJK
                                                                          5:17cv149-RH/CJK


RAMONE ANTHONY SPRUILL,

             Defendant.

_____/


**ORDER DENYING A SENTENCE REDUCTION**


The defendant Ramone Anthony Spruill pleaded guilty to two counts: conspiring to distribute or possess with intent to distribute 500 grams or more of cocaine (count 1) and possessing a firearm in furtherance of the cocaine offense (count 2). The minimum sentence on count 1 was 10 years in prison. The minimum sentence on count 2 was 5 years, and the governing statute, 18 U.S.C. § 924(c), required the sentence on count 2 to run consecutively to any other sentence, including the sentence on count 1. The combined minimum sentence thus was 15 years. The judge who was presiding over the case at that time sentenced Mr. Spruill to 15 years—the minimum mandatory sentence.

Mr. Spruill now asks for relief from his sentence based on *Dean v. United States*, 137 S. Ct. 1170 (2017). The request is before the court on the magistrate judge's report and recommendation, ECF No. 236. No objections have been filed.

As correctly set out in the report and recommendation, relief of this kind would be available, if at all, only under 28 U.S.C. § 2255. Mr. Spruill has already lost § 2255 motions. Any new § 2255 motion would be second or successive. A defendant can pursue a second or successive § 2255 motion only if authorized by the appropriate court of appeals—in this case, the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit has not authorized Mr. Spruill to file a second or successive § 2255 motion. This court lacks jurisdiction to grant relief of the kind Mr. Spruill has requested.

It also bears noting that Mr. Spruill's request for relief is unfounded on the merits. *Dean* allows a court to consider a 924(c) sentence when determining the sentence for an underlying count. But *Dean* does not authorize a court to impose a sentence on an underlying count below the statutory minimum for that count. The lowest sentence that could properly have been imposed on Mr. Spruill at the time of sentencing was 15 years. That is still the lowest sentence that could properly be imposed. *Dean* does not change this. Mr. Spruill is not entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C.

§ 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Spruill has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. The defendant's request for relief from his sentence, ECF No. 236, is denied for lack of jurisdiction.

3. The clerk must enter a judgment so providing.

4. A certificate of appealability is denied.

SO ORDERED on August 12, 2017.

s/Robert L. Hinkle
United States District Judge